


U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FJN/JPL/NDB/RMP
F. #2019R00935 / OCDETF #NY-NYE-874H

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 22, 2023

<u>By ECF and USAFx</u>

Abed Hammoud, Esq.
Abed Hammoud Law, PLLC
645 Griswold, Suite 1717
Detroit, Michigan 48226

      Re:    United States v. Mohammad Bazzi
                 <u>Criminal Docket No. 23-041 (DLI)</u>

Dear Counsel:

      Enclosed please find the government's first production of discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

      The material enclosed is being produced to you pursuant to the Protective Order entered by the Court on May 19, 2023. <u>See</u> ECF No. 12. The materials are being provided to you via the USAFx platform. Please contact if you have any issues access the materials.

I.      <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendant</u>

      Attached please find copies of the following items reflecting statements made by the defendant:

- Redacted DEA-6 report of interview of the defendant on March 1, 2023, Bates-numbered MB-00000001-MB-00000007.
- Audio recording of interview of the defendant on March 1, 2023, Bates-numbered MB-00000008.

    B.    <u>The Defendant's Criminal History</u>

      At this time, the government is not currently aware of any criminal history, youthful offender, or juvenile offender adjudications of the defendant.

C.  Documents and Tangible Objects

The government hereby provides the following electronic documents and other information, some of which records may contain statements of the defendant:

| Bates Number | Description |
| --- | --- |
| MB-00000009-MB-00000011 | Inventory of items seized from the defendant incident to arrest on April 25, 2023 |
| MB-00000012-MB-00000046 | Copy of Belgian passport seized from the defendant incident to arrest |
| MB-00000047-MB-00000065 | Copy of Gambian passport seized from the defendant incident to arrest |
| MB-00000066-MB-00000091 | Copy of Lebanese passport seized from the defendant incident to arrest |
| MB-00000092 | Advice of Rights form signed by the defendant on March 1, 2023 |
| MB-00000093 | May 8, 2019 email attaching Pro Forma Invoice |
| MB-00000094 | Pro Form Invoice |
| MB-00000095 | May 14, 2019 email attaching Franchise and Development Agreement |
| MB-00000096-MB-00000122 | Franchise and Development Agreement |
| MB-00000123 | Libanpost Tracking information |

In addition, during its investigation, the government has obtained certain physical evidence, including items seized from the defendant. You may examine the physical evidence discoverable under Rule 16, including any original documents, by calling me to arrange a mutually convenient time.

D.  Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

    E.    <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

    F.    <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.  In an abundance of caution, the government hereby identifies the following individuals, who may have information that could be viewed as helpful to the defense: John M. Hunt, Donna Dezendorf-Hunt, Christine Hunt, and Dissara Felisberto.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

    G.    <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.    <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney(s) with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV. <u>Future Discussions</u>

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                   Very truly yours,

                   BREON PEACE
                   United States Attorney

By:  <u>/s/ Francisco J. Navarro</u>
    Francisco J. Navarro
    Jonathan P. Lax
    Nomi D. Berenson
    Robert M. Pollack
    Assistant United States Attorneys
    (718) 254-7000

Enclosures

cc:  Clerk of the Court (DLI) (by ECF) (without enclosures)